IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Benito Q. Carranza, *et al.,* | ) | CV 10-412-TUC-CKJ (JCG) |
| Plaintiffs, | ) ) | **REPORT & RECOMMENDATION** |
| vs. | ) ) | |
| Con-Way Incorp., *et al.*, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

      Pending before the Court is Defendants Janet R. Pfeifer and Con-Way Truckload, Inc.'s (hereafter "Defendants") Motion To Dismiss or Transfer Venue. (Doc. 3.) Defendants seek dismissal of this action or, in the alternative, transfer to the Phoenix Division of the District of Arizona. For the following reasons, the Magistrate Judge recommends that the District Court grant the motion in part and order that the case be transferred to the Phoenix Division of the District Court of Arizona.

**BACKGROUND**

      Plaintiffs filed suit against Defendants in the Superior Court of the State of Arizona in and for the County of Pima, alleging negligence in relation to a motor vehicle accident that occurred on or about March 4, 2009. (Doc. 1-4, Amended Complaint, Ex. A, p. 8.) According to the complaint, Plaintiff Sylvia Carranza was driving eastbound on Interstate 10 around milepost 222.8, when Defendant Pfeifer made an unsafe lane change, forcing Carranza to take evasive action. *Id.* at ¶ X. Carranza struck the dirt on the right shoulder, and her vehicle rolled

over approximately four times. *Id.* Plaintiffs allege that Defendant Pfeifer is an employee of Defendant Con-Way, Inc., Defendant Con-Way Truckload, and/or Defendant Conway-Freight, and that she was acting within the scope of her employment during the incident in question. *Id.* at ¶ VII.

Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity: Plaintiffs are domiciled in the state of Arizona; Defendants Con-Way, Inc. and Con-Way Freight, Inc. are Delaware companies; and Defendant Con-Way Truckload is a Missouri corporation. Plaintiffs are seeking damages in excess of $75,000.

Following removal, Defendants filed the current motion seeking dismissal for improper venue, or in the alternative, transfer of the case to the Phoenix Division of the District of Arizona. Defendants argue that venue was improper in Plaintiffs' original filing in superior court in Pima County, and therefore this Court also lacks jurisdiction. In the alternative, Defendants assert that even if the Court finds that venue is proper, it should still dismiss or transfer this case to the Phoenix Division of the District of Arizona based upon the federal venue statutes and the doctrine of *forum non conveniens*.

## DISCUSSION

**1.      The District Court should reject defendant's request for dismissal based on alleged defects in venue in the state court filing.**

Defendants assert that the Court should dismiss this action because venue was improper in the original filing in state court. According to Defendants, A.R.S. § 12-401 required that the Plaintiffs file their suit in the county in which the defendant resides or, if no defendant resides within the state, in the county in where the plaintiffs reside. Because defendants reside out of state and the plaintiffs live in Maricopa County, Defendants contend that venue was improper in Pima County. In support of their argument for dismissal, Defendants cite *PT United Can Company Ltd. v. Crown Cork & Seal Co.,* 138 F.3d 65 (2d Cir. 1998). There, in dicta, the Second Circuit stated that a defendant who removes a case to federal court does not, by removing, waive any state-law venue challenges. 138 F.2d at 73. The Second Circuit reasoned

- 2 -

that the jurisdiction of the federal court on removal is a derivative jurisdiction, and therefore, "any defect in jurisdiction or process present in the state suit may be asserted in the district court." *Id.* at 72-73. Under *PT United Can Company Ltd.*, a removed federal action may be dismissed if the original state court filing was defective.

Plaintiffs argue that the reasoning underlying the dicta of *PT United Can Company* LTD is no longer valid; Plaintiffs rely upon *Hollis v. Florida S. Univ.*, 259 F.3d 1295, 1298 (11th Cir. 2001). The *Hollis* court concluded that the derivative jurisdiction theory as applied to removal was abrogated by 28 U.S. C. § 1441(e). That provision states: a federal court "is not precluded from hearing or determining any claim in such civil action because the State court from which civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1444(f).[1] Thus, in *Hollis*, the Eleventh Circuit reversed the district court's dismissal of an action that had been removed to federal court where the district court had dismissed the case due to improper venue under state law. *Id.* at 1298.

The Ninth Circuit has also concluded that derivative jurisdiction is no longer a valid doctrine. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 nt. 3 (1988). Like the *Hollis* court, the Ninth Circuit held that Congress' enactment of 28 U.S.C. § 1441(e) abolished the derivative jurisdiction doctrine with respect to all civil actions commenced in state courts on or after June 19, 1986. *Id.* Thus, in *Ethridge*, the court concluded that the derivative jurisdiction doctrine did not support the district court's dismissal of the complaint. *Id.;* s*ee also Bermudez v. U.S. Dept. of Housing and Urban Development*, 84 F.Supp.2d 1094, 1096 & n.4 (C.D. Cal. 2000) (considering whether to impose sanctions for assertion of derivative jurisdiction doctrine, citing several Ninth Circuit cases rejecting the doctrine, and stating "discussion of derivative jurisdiction in *PT United* cannot be considered an indication that the doctrine has any current applicability.").

In light of 28 U.S.C. § 1441(f)'s clear pronouncement that a state court's lack of jurisdiction does not preclude a federal court from hearing a matter removed from that court and

---

[1]The subsection in question has been recodified as subsection (f).

Ninth Circuit binding precedent concluding that the derivative jurisdiction has been abrogated by that provision, the Magistrate recommends that the District Court deny Defendants' request for dismissal due to improper venue in state court.  Under § 1441(f),  whether the Plaintiffs complied with the state venue requirements when they initially filed this case in state court is not material to this Court's determination of its own jurisdiction.

### 2. The Court should transfer this case to the Phoenix Division pursuant to the local rules and 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

The Rules of Practice of the United States District Court for the District of Arizona state: "Unless otherwise ordered by the Court, all civil and criminal cases founded on causes of action (1) arising in the Phoenix Division shall be tried in Phoenix, (2) arising in the Prescott Division shall be tried in Prescott, and (3) arising in the Tucson division shall be tried in Tucson." LRCiv 77.1(c). The Phoenix division includes, "Maricopa, Pinal, Yuma, La Paz, and Gila Counties." L.R.Civ. 77.1(a).  As the accident at issue in this lawsuit occurred in Pinal County, under the local rules, venue is proper in the Phoenix division.

Improperly venued cases are governed by 28 U.S.C. §1406(a).  A defendant over whom personal jurisdiction exists but for whom venue is improper may move for dismissal or transfer for improper venue under 28 U.S.C. § 1406(a).  *See Action Embroidery Corp. v. Atlantic Embroidery,* 368 F.3d 1174, 1181 (9th Cir. 2004). Section § 1406(a), which is entitled "Cure or waiver of defects," permits a district court "of a district in which is filed a case laying venue in the wrong division or district" to dismiss the case, "or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought."  Thus, when a case is brought in an improper venue and timely objection made, a district court has only two options: dismiss the case or transfer it to a jurisdiction of proper venue, if in the interest of justice. *See Thompson v. Greenwood*, 507 F.3d 416, 419-20 (6th Cir. 2007).  Transfer or dismissal of cases initially filed in the wrong federal court division or district are routinely upheld. *See e.g. McKinney v. Rianda*, 262 Fed. Appx. 785 (9th Cir. 2007) (upholding Eastern District of California's transfer of lawsuit to the Central District of California); *Daniel v. American Bd. of Emergency Medicine,* 428 F.3d 408, 444-45 (2d Cir. 2005) (upholding dismissal for lack of

venue in the Western District of New York; transfer not in interest of justice because plaintiffs lack antitrust standing to pursue case further); *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992) (upholding Arizona District's dismissal because venue appropriate only in judicial district where all defendants reside or in which the claim arose and transfer to California not in interest of justice). This is true for case removed to federal court as well. *See Anderson v. Ames True Temper, Inc.*, 2008 WL 619383 (E.D. Mo. 2008).

The local rule does permit exceptions to the requirement that cases be filed in specified divisions. The rule states that a case shall be filed in the specified division "unless otherwise ordered by the Court." L.R.Civ. 77.1(a). What circumstance the phrase "unless otherwise ordered by the Court" applies to is not specified. The parties have not presented any arguments as to why this particular case should not be subject to the general rule of assignment or why cases removed to federal court should be assigned differently than those filed initially in federal court. Since the local rules provide for a geographic division of cases filed within the district, and because the Plaintiffs have suggested no exceptional or compelling reason why the local rule should not be followed in this particular action, the Magistrate recommends that the case be transferred pursuant to the Local Rule and §1406(a). *See Anderson*, 2008 WL 619383 at *1 (where local rule provided for removal of state court action to specific divisions of federal court based on location of state court of removal, federal court may transfer action improperly removed to one division to the proper division pursuant to 28 U.S.C. §1406(a)).

Even if venue were proper in either the Tucson or Phoenix division, the District Court should transfer the action pursuant to 28 U.S.C. § 1404(a). A defendant for whom venue is proper but inconvenient may move for a change of venue under this provision. *Action Embroidery Corp.,* 368 F.3d at 1181. A district court has the discretion to decide motions to transfer under section 1404(a) "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). In its analysis, the court must weigh multiple factors, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the

forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.* at 498-99.

In this case, the factors weigh in favor of a transfer under section 1404(a). The location of the incident, the contacts relating to the Plaintiffs' cause of action, the ease of access to sources of proof and contacts with the forum weigh in favor of transfer. The accident which is the subject of this litigation occurred in the Phoenix Division. The Plaintiffs' contacts with the Phoenix Division are more substantial. Plaintiffs live in Maricopa County, which is within the Phoenix Division. Plaintiffs received most of their medical treatment at facilities within the Phoenix Division. Presumably, that is where the parties will obtain medical records relevant to the issue of damages. Moreover, the majority of the potential witnesses live in or near the Phoenix Division. The accident reports lists three witnesses: one residing in Tucson, one in Scottsdale and one in Prescott. Scottsdale is within the Phoenix Division and Prescott is much closer to the Phoenix Division than to the Tucson Division.

The forum's familiarity with the governing law favors neither party. Both the Phoenix and the Tucson divisions of this Court are equally familiar with the application of Arizona law. Similarly, there is no suggestion that the cost of litigation in one division would be significantly greater than litigation in the other. Defendants' contacts within the two divisions is unknown. It is alleged that all Defendants reside outside of the state or Arizona, and that Defendant Con-Way Truckload does business in Arizona. Thus, based on this limited information, Defendants' contacts do not favor litigation in a particular division, except in light of the access to evidence and witnesses.

Notably Plaintiffs do not argue that the convenience of the Tucson forum outweighs inconvenience to the Defendants. In fact, Plaintiffs have not asserted that their own convenience would be served by their choice of forum. Rather, Plaintiffs appear to rely solely on the argument that they have the right as plaintiffs to select the forum. Given the factors the court is required to consider pursuant to a request for change of venue under 28 U.S.C. §1404(a),

including considerations of convenience and fairness, and in light of the local rule which directs that the matter be heard in the Phoenix division, the Magistrate concludes that the case should be transferred to the Phoenix Division. *See State v. Wunderlich*, 2009 WL 3028995, *6 (S.D.Ohio) (transferring action to western division of court based on local rule which required action against defendant be filed at the location of court which embraces a county in which at least one defendant resides).

## CONCLUSION

For the foregoing reasons, the Magistrate recommends that the District Court, after its independent review, GRANT IN PART and DENY IN PART Defendant's Motion To Dismiss or Transfer Venue. (Doc. 3.) The Magistrate recommends that the Court deny Defendants' request for dismissal and grant Defendants' request for transfer.

DATED this 29th day of October, 2010.

Jennifer C. Guerin
United States Magistrate Judge